UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AMIR BOWMAN,

                                          Plaintiff,

    v.                                                       6:23-CV-1161
                                                               (GTS/ATB)

ONEIDA COUNTY DISTRICT
ATTORNEY'S OFFICE, et al.,

                                          Defendants.
_____

AMIR BOWMAN, Plaintiff, pro se

ANDREW T. BAXTER, U.S. Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a complaint, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff, Amir Bowman. (Dkt. Nos. 1, 4).

**I.**    **IFP Application**

Plaintiff declares in his IFP application that he is unable to pay the filing fee. (Dkt. No. 4). After reviewing his application and supporting documents, this court finds that plaintiff is financially eligible for IFP status.

However, in addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and 28 U.S.C. § 1915.  Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources.  *Neitzke*, 490 U.S. at 327; *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974).  Although the court has a duty to show liberality toward pro se litigants and must use extreme caution in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed.  *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint sua sponte even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

In addition, Fed. R. Civ. P. 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 does not require detailed factual allegations, it does "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Houston v. Collerman*, No. 9:16-CV-1009 (BKS/ATB), 2016 WL 6267968, at *2 (N.D.N.Y. Oct. 26, 2016) (quoting *Ashcroft*, 556 U.S. at 678). A pleading that contains allegations that "'are so vague as to fail to give the defendants adequate notice of the claims against them' is subject to dismissal." *Id.* (citing *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009)).

## II.  Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. (Complaint ("Compl.") at 1) (Dkt. No. 1)[1]. The named defendants include the Oneida County District Attorney's Office and Oneida County District Attorneys Scott McNamara, Amanda Tucciarone, Todd Carville, and Grant Garramone. (*Id.* at 1-2, 6-7).

In the first fact section, plaintiff alleges the defendants violated his Fourth Amendment right against malicious prosecution. (Compl. at 2). Plaintiff does not make any specific allegations, and instead states "[m]y claim against the defendants has plausibility that I will plead the factual content that allows the court/jury draw the reasonable inference that the defendants are liable for the misconduct that violated my rights." (Compl. at 2). In the second fact section, plaintiff simply wrote "[p]lease see

---

[1] Plaintiff has used a form-complaint for 42 U.S.C. § 1983 cases and a general pro se complaint form, so the original page numbers are repetitive. (*See* Compl.). Thus, the court will cite to the pages of the document assigned by the court's electronic filing system (CM/ECF).

3

attached additional sheet." (Compl. at 8). There was no attached sheet included in the complaint. (*See Compl.*). Plaintiff submitted a supplemental letter to the court including additional allegations about the arrest. (Dkt. No. 6). Given the pro se status of plaintiff, the court considers this supplemental letter as an exhibit to the complaint.

In the supplemental letter, plaintiff alleges that he was falsely "charged with Harassment and Assault in the second degree as part of a false claim that [he] resisted arrest." (*Id.* at 1). He alleges that he was also charged with criminal possession of a controlled substance in the fifth and seventh degree. (*Id.*). He claims he was not read his *Miranda* rights during either arrest, and that all of the charges were later dropped. (*Id.*). Plaintiff alleges that the arresting officers, who are not named as defendants, acted in malice because they did not have probable cause that the charges would succeed. (*Id.*). He next alleges that " [t]he District Attorney" dropped the charges to avoid the "false claims ending in failure in court." (*Id.*). Plaintiff does not specifically identify any conduct undertaken by an individual defendant. (*Id.*).

As relief, plaintiff requests that the charges against him be dismissed without prejudice and "a full investigation be conducted following jury verdict for misconduct." (Compl. at 9). In his supplemental letter, plaintiff requests money damages for his pain and suffering. (Dkt. No. 6 at 1). He also requests that his arrest record be expunged. (*Id.*).

### III. Prosecutorial Immunity

Prosecutors are afforded absolute immunity from suit under section 1983 in matters associated with their prosecutorial functions, regardless of motivation. *Dory v.*

4

*Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts associated with the prosecutor's function, including conspiracies to present false evidence); *Bernard v. County of Suffolk*, 356 F.3d 495 (2d Cir. 2004) (absolute immunity shields prosecutors from suit pursuant to section 1983 for their alleged malicious or selective prosecution as well as for any misconduct in the presentation of evidence to the grand jury).  The initiation and pursuit of prosecution, regardless of any alleged illegality, is protected by absolute prosecutorial immunity.  *Peay v. Ajello*, 470 F.3d 65, 67-68 (2d Cir. 2006).  It has also been held that a prosecutor is entitled to absolute immunity for his or her decision not to prosecute, regardless of the motivation for that decision.  *Scloss v. Bouse*, 876 F.2d 287, 292 (2d Cir. 1989).

Absolute immunity is defeated only when the prosecutor is engaging in investigative functions.  *Bernard v. County of Suffolk*, 356 F.3d at 502-503 (citation omitted).  "Investigation, arrest, and detention have historically and by precedent been regarded as the work of police, not prosecutors, and they do not become prosecutorial functions merely because a prosecutor has chosen to participate."  *Id*. (interior quotation marks and citations omitted); *see Giraldo v. Kessler*, 694 F.3d 161, 166 (2d Cir. 2012) ("'[A]ctions taken as an investigator enjoy only qualified immunity.'") (quoting *Zahrey v. Coffey*, 221 F.3d 342, 346 (2d Cir. 2000)).  Moreover, absolute immunity has not been extended to situations in which the prosecutor gives legal advice to the police. *Burns v. Reed*, 500 U.S. 478, 492-93 (1991) (citations omitted).  In these situations, the prosecutor would be entitled only to qualified immunity.

Plaintiff's allegations against the defendant-prosecutors are vague and conclusory. (Compl. at 2). Among other pleading deficiencies, the complaint does not allege how, or even if, these defendants were personally involved in initiating or pursuing the prosecution against him, much less that any of them assumed an investigatory function with respect to plaintiff's alleged offenses. Plaintiff's complaint and the accompanying exhibit appear to assert that the individual defendants' dismissal of the charges against him establish their culpability for malicious prosecution; although by itself, the decision not to prosecute would negate liability for such a constitutional violation. (Dkt. No. 6 at 1). Plaintiff has failed to allege that these defendants were involved in any conduct outside their prosecutorial functions, and, therefore, the individual defendant-prosecutors are entitled to absolute immunity. Because plaintiff apparently lacks the ability to marshal any facts indicating that defendants Carville, Garramone, McNamara, and Tucciarone strayed from their traditional role as prosecutors, the complaint against them should be dismissed with prejudice.

### IV. Oneida County District Attorney's Office

While the complaint does not list the Oneida County District Attorney's Office as a defendant under the "Parties" section, plaintiff has included this entity in the caption of his complaint. (Compl. at 1-2, 6-7). However, the Oneida County District Attorney's Office is not a separate legal entity that is subject to suit. *See, e.g.*, *Harrison v. Inc. Vill. of Freeport*, 498 F. Supp. 3d 378, 399-400 (E.D.N.Y. 2020) ("Under New York law, "departments which are merely administrative arms of a municipality do not

have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued.") (collecting cases).

To the extent plaintiff intended to sue Oneida County, his claim would still not survive initial review. In order to state a claim against a municipality or municipal agency, plaintiff must present evidence that the alleged deprivation of his constitutional rights was caused by an official custom, policy, or practice of that municipality. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-94 (1978). However, as relevant to this case, "[t]he Second Circuit Court of Appeals has unequivocally held that 'prosecutorial acts may not fairly be said to represent official policy of the County,' because '[w]hen prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State not the county.' " *Joyner v. Cnty. of Cayuga*, No. 5:20-CV-60 (MAD/TWD), 2020 WL 1904088, at *10 (N.D.N.Y. Apr. 17, 2020) (quoting *Baez v. Hennessy*, 853 F.2d 73 (2d Cir. 1988) (internal quotation omitted)); *see also Doe v. Smith*, 704 F. Supp. 1177, 1184 (S.D.N.Y. 1988). Thus, because the defendant-prosecutors here were acting on behalf of the State of New York, and not Oneida County, any alleged misconduct on these defendants' part cannot be imputed to Oneida County, and the complaint would be subject to dismissal as against this municipality.

## V.    **State Law Claims**

In addition to the federal constitutional claims, the complaint also contains a claim arising under New York state law. (Dkt. No. 6 at 1). Plaintiff alleges liability for "a personal tort," which he further elaborates as "a wrong done to [him] which affects

[his] reputation in society." (Dkt. No. 6 at 1). The court is construing this as a state law claim for defamation, because plaintiff is alleging reputational harm. (*Id.*). Having dismissed plaintiff's federal claims, the court must determine whether to exercise supplemental jurisdiction over the state law claim.

"The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). "Once a district court's discretion is triggered under § 1367(c)(3), it balances the traditional values of judicial economy, convenience, fairness, and comity, in deciding whether to exercise jurisdiction." *Kolari v. N.Y. Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (citations and internal quotation marks omitted). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988).

The court finds that nothing distinguishes this case from "the usual case." This court is recommending the dismissal of plaintiff's federal claims, and there is no reason to believe that judicial economy, convenience, or fairness would be served by this court exercising supplemental jurisdiction over plaintiff's state law claims, and to do so would be inconsistent with the principle of comity. Thus, plaintiff's defamation claims are dismissed without prejudice to refiling in state court.

## VI. <u>Opportunity to Amend</u>

Generally, before the court dismisses a pro se complaint or any part of the complaint sua sponte, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

Based on the analysis above, this court finds that plaintiff could not amend his complaint to make non-conclusory allegations that would cure the defects in his claims against the individual defendant-prosecutors or the Oneida County District Attorney's Office in this action. Thus, this court recommends dismissal of the complaint in its entirety, with prejudice.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that plaintiff's motion to proceed IFP (Dkt. No. 4) be **GRANTED**, and it is

**RECOMMENDED**, that the district court **DISMISS PLAINTIFF'S COMPLAINT IN ITS ENTIRETY, WITH PREJUDICE,** for failure to state a claim, and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Hum. Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: October 24, 2023

Andrew T. Baxter
U.S. Magistrate Judge