UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AMIR BOWMAN,

                              Plaintiff,

v.                                                            6:23-CV-1161
                                                                       (GTS/MJK)

ONEIDA COUNTY DISTRICT ATTORNEY'S OFFICE;
SCOTT D. McNAMARA, District Atty.;
AMANDA TUCCIARONE, District Atty.;
TODD CARVILLE, District Atty.; and
GRANT GARRAMONE, District Atty.,

                              Defendants.
_____

APPEARANCES:

AMIR BOWMAN, 32941
  Plaintiff, *Pro Se*
Oneida County Correctional Facility
6075 Judd Road
Oriskany, New York 13424

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* civil rights action filed by Amir Bowman ("Plaintiff") against the Oneida County District Attorney's Office and District Attorneys Scott McNamara, Amanda Tucciarone, Todd Carville, and Grant Garramone ("Defendants"), are the following: (1) United States Magistrate Judge Andrew T. Baxter's Report-Recommendation recommending that Plaintiff's second motion to proceed *in forma pauperis* be granted, but that the federal claims asserted in his Complaint be *sua sponte* dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), while the state law claims be dismissed

without prejudice to refiling in state court; and (2) Plaintiff's Objection to the Report-Recommendation. (Dkt. Nos. 7, 8.)[1]

Even when it is construed with the utmost of special liberality, Plaintiff's Objection fails to set forth a specific challenge to any portion of Magistrate Judge Baxter's Report-Recommendation. (*Compare* Dkt. No. 8 *with* Dkt. No. 7.)[2] As a result, the Court needs to subject the Report-Recommendation to only a clear-error review.[3]

After carefully reviewing the relevant papers herein, including Magistrate Judge Baxter's thorough Report-Recommendation, the Court can find no clear error in the Report-

---

[1] On January 5, 2024, approximately nine-and-a-half weeks after Magistrate Judge Baxter issued his Report-Recommendation, this action was reassigned to United States Magistrate Judge Mitchell J. Katz because of Magistrate Judge Baxter's retirement. (Dkt. No. 9.)

[2] When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a de novo review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c); *see also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3] When no specific objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear-error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear-error review, "the court need only satisfy itself that there is no clear error on the face of the record in order t accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

Recommendation: Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*See generally* Dkt. No. 7.) As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein.

To those reasons, the Court adds only two points. First, the Court would reach the same conclusion even if it were to subject the Report-Recommendation to a de novo review. Second, the Court would reach the same conclusion even if it were to apply the Report-Recommendation to an Amended Complaint containing the changes requested by Plaintiff in his "Objection." (*Compare* Dkt. No. 7 *with* Dkt. Nos. 1, 6, 8.) More specifically, nothing in his Objection (even when it is construed with his Complaint) alleges facts plausibly suggesting that the individual Defendants were (at the time they committed their alleged misconduct) involved in any conduct outside of their prosecutorial functions (such as investigative or administrative activities), much less personally involved in the constitutional violations claimed. (*See generally* Dkt. Nos. 1, 6, 8.) Furthermore, Plaintiff is respectfully advised that, while Eleventh Amendment immunity protects state prosecutors (including district attorneys) acting in their official capacities, absolute immunity protects state prosecutors (including district attorneys) acting in the individual or personal capacities.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's second motion to proceed in forma pauperis (Dkt. No. 4) is **GRANTED**; and it is further

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 7) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the federal claims asserted in Plaintiff's Complaint (Dkt. No. 1) are *sua*

*sponte* **DISMISSED** **with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

  **ORDERED** that the state law defamation claims asserted in Plaintiff's Complaint (Dkt. No. 1) are *sua sponte* **DISMISSED** **without prejudice** to refiling in state court within the applicable limitations period.

Dated: February 2, 2024
   Syracuse, New York

*[Signature]*
Glenn T. Suddaby
U.S. District Judge